RUEL W. GOODWIN *vs.* LEMUEL B. HODGKINS.

Franklin.   Opinion September 29, 1910.

*Fences. Partition Fence. Refusal to Repair. Fence Viewers. Notice. Revised Statutes, chapter 26, sections 3, 4, 5.*

Under Revised Statutes, chapter 26, section 3, requiring fence viewers to "signify in writing" to one refusing to repair or rebuild a partition fence their determination that the fence is insufficient, a notice of such determination sent a delinquent by registered mail is insufficient, when it is not received by him until after the time fixed for repair or rebuilding, and when no evasion or wrongful act on his part is shown to prevent receipt of it; actual notice being required.

Revised Statutes, chapter 26, section 4, authorizing recovery of double compensation for building partition fences in certain cases, being penal in its nature, one suing thereunder must show compliance with all the requirements of the statute.

On exceptions by defendant.   Sustained.

Action on the case under Revised Statutes, chapter 26, section 4, to recover double the amount certified by fence viewers as the value of a partition fence built by the plaintiff, and of their fees.   Plea, the general issue with brief statement alleging ten special matters of defense.   At the conclusion of the evidence, the presiding Justice, by a pro forma ruling, directed a verdict for the plaintiff for the amount claimed in the writ, to wit, $127 and a verdict for that sum was returned.   The defendant excepted to the aforesaid ruling.

MEM.   In directing a verdict for the plaintiff, the presiding Justice said :   "There is nothing here for the jury evidently.   It is a question of law ; and I am free to say that in all my practice I never had a division fence case, and this is the first case that has come before me since I have been on the Bench.   I am not at all clear what the law is ; but for the purposes of this trial I instruct the jury to return a verdict for the plaintiff for the full amount named in the writ."

The case is stated in the opinion.

*A. L. Fenderson*, for plaintiff.

*Frank W. Butler*, for defendant.

SITTING : SAVAGE, PEABODY, SPEAR, CORNISH, KING, JJ.

KING, J.    Action on the case to recover double the amount
certified by fence viewers as the value of a portion of a partition
fence built by the plaintiff, and of their fees.    At the conclusion
of the evidence the presiding Justice pro forma directed a verdict
for the plaintiff for the amount claimed in the writ.    The case is
before this court on exceptions to that ruling.

Several grounds of objection are urged against the validity of
the doings of the fence viewers under which the plaintiff claims that
the liability of the defendant was established, but we find it neces-
sary to consider only one, which we think is fatal to the plaintiff's
case.

On reference to the facts proved at the trial, especially the notice
to defendant dated July 23, 1909, it is clearly apparent that the
proceedings were had under the provisions of sec. 3, chap. 26,
R. S., which reads :

"If any party neglects or refuses to repair or rebuild any such
fence, which he is legally required to maintain, the aggrieved
party may complain to two or more fence viewers of the town
where the land is situated, who, after due notice to such delinquent,
shall proceed to survey it, and if they determine that it is insufficient,
they shall signify it in writing to the delinquent occupant, and
direct him to repair or rebuild it within such time as they judge
reasonable, not exceeding thirty days.    If the fence is not repaired
or rebuilt accordingly, the complainant may make or repair it."

It appears that the fence viewers met on the 24th of July, 1909,
according to their notice, and adjourned to the 26th of July.
At neither of these meetings was the defendant present.    On the
latter date the fence viewers sent to him by registered mail a written
notice that they found his part of the partition fence insufficient,
"and that such fence must be made a legal fence, within four days
from the twenty-sixth (26th.) day of July A. D. 1909."

It appears from the testimony of the defendant and his wife,
which was uncontradicted, that he did not receive, or have knowl-
edge of, this notice until long after the time limited therein had

expired.   His wife received the registered letter in his absence from home, and did not forward it to him, and he did not receive it till his return home the last days of September.

Was the mailing of this notice, which was not in fact received by the defendant until long after the time fixed in it for building the fence had passed, a sufficient compliance with the statute requirement as to notice?   We think not.   The necessity for actual notice to a delinquent that the fence viewers have directed him to rebuild his portion of a partition fence, within a specified time, is so inherent in the very purpose and spirit of this statute that its requirement would be implied if it was not expressed, for, without such requirement, that which was intended to do justice, becomes the very means of doing injustice.   But we think this statute does express such a requirement in the words, "They shall signify it in writing to the delinquent occupant."   To "signify" is "to make known."   Such, we think, is the import of the word as used in the statute.

Section 5 of the same chapter, under which section the fence viewers are authorized to divide a partition fence, provides that they "may in writing under their hands assign to each his share thereof, and limit the time in which each shall build or repair his part of the fence, not exceeding thirty days."   This court has held, under this section, that "it must appear that they delivered to such party their assignment in writing at the time it was made, so that he may know the part he is required to build, and have the whole time limited by them in which to build it."   *Briggs* v. *Haynes*, 68 Maine, page 536.   The necessity of notice of the adjudication of the fence viewers that the delinquent must repair within a given time is as imperative in the one case as in the other.   If under the provisions of sec. 5, no recovery can be had unless actual notice of the adjudication to repair was given to the defendant at the time it was made, a fortiori there can be no recovery under sec. 3, where the statute expressly requires that the fence viewers, "shall signify it in writing to the delinquent" and when it only appears that it was sent by mail within the time, but not in fact received until after the time had expired.

The reasons given for the decision in *Chase* v. *Surry*, 88 Maine, 468, are equally applicable, we think, to the question here presented. It was there held, under the statute which requires one who claims to have sustained injuries by reason of a defect in a highway to "notify" the municipal officers of the defendant town "by letter or otherwise" setting forth his claim for damages, etc., within fourteen days after the alleged injuries were received, that it was not a compliance with the terms of the statute to mail the required notice to the municipal officers within the fourteen days, the same not having been actually received by them within that time.

If the adjudication of fence viewers is sent to the delinquent by mail, within such time that in the ordinary course of the mail it would reach him in time for him to comply with their directions, the fact that he did so receive it, nothing being shown to the contrary, might be presumed therefrom. But that is not this case. It here appears that he did not receive it, and no evasion or wrongful act on his part is shown to prevent the receipt of it.

The plaintiff's action is under a penal statute, and it was incumbent upon him to prove that all the requirements of that statute had been complied with. In this we think he failed in one important particular, that he did not prove that the defendant had sufficient and timely notice of the adjudication of the fence viewers that he must build the fence within the time they had fixed.

*Exceptions sustained.*